JM:SBK:CSK
F.#2009R00600

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 2 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - against -

EDWARD T. STEIN,

               Defendant.

- - - - - - - - - - - - - - - - - x

I N F O R M A T I O N

Cr. No. 09-0377 (JBW)
(T. 15, U.S.C., §§ 78j(b)
and 78ff; T. 18, U.S.C.,
§§ 1343, 981(a)(1)(C), 2
and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

## I. The Defendant and his Companies

1. Gemini Fund I, L.P. ("Gemini") was a hedge fund formed by the defendant EDWARD T. STEIN in or about 1992. STEIN operated Gemini out of his offices in Roslyn, New York, within the Eastern District of New York (the "Stein offices"). STEIN was Gemini's General Partner and controlled all of its operations.

2. Prima Capital Management Corp. ("Prima"), also known as "Amerifund," was a New York corporation with its principal place of business at the Stein offices. The defendant EDWARD T. STEIN incorporated Prima in or about 1989 and controlled all of its operations.

3. DISP, LLC ("DISP") was formed by the defendant EDWARD T. STEIN in New York in or about 2002. STEIN operated DISP out of the Stein offices. STEIN controlled all of DISP's operations.

4. Vibrant Capital Corp. ("Vibrant") was a Delaware corporation that was incorporated on February 5, 2004. The defendant EDWARD T. STEIN was the sole owner of Vibrant and served as its Chief Executive Officer. STEIN operated Vibrant out of the Stein offices.

5. Edward T. Stein Associates, Ltd. ("ETSA") was a New York corporation. The defendant EDWARD T. STEIN was the sole owner of ETSA and operated ETSA out of the Stein offices.

II. The Fraudulent Schemes

    A. The Gemini Scheme

6. In or about and between January 1998 and April 2009, both dates being approximate and inclusive, the defendant EDWARD T. STEIN devised, implemented, supervised and executed a scheme to fraudulently induce investors to purchase Gemini shares. STEIN typically solicited individuals to invest in Gemini by advising them that Gemini invested their money in Alpine Associates, L.P. ("Alpine"), a privately owned New Jersey hedge fund that typically employed merger arbitrage strategies to make investments in securities traded in the public equity markets of the United States. STEIN used little, if any, of

these investors' money to make investments on Gemini's behalf in Alpine.

7. The defendant EDWARD T. STEIN used more than a million dollars of Gemini investor money, without the knowledge, authorization or consent of the Gemini investors, to make loans to and investments in Detour Media Group, Inc. ("Detour Media"). Detour Media's stock was traded on the over-the-counter bulletin board. It was engaged principally in the publication and distribution of a fashion and entertainment magazine called "Detour." STEIN was a principal shareholder and an officer and director in Detour Media, and STEIN used money he took from the Gemini investors to make loans to and investments in Detour Media in his own name. STEIN lost a significant portion of the money that he invested in Detour Media when that company filed for bankruptcy in or about 2003.

8. After Detour Media filed for bankruptcy, the defendant EDWARD T. STEIN transferred the additional money that investors had invested in Gemini to other companies that he controlled, including ETSA and Vibrant. STEIN then used a substantial portion of this money, without the knowledge, authorization or consent of the Gemini investors, to pay redemptions to prior investors in the Gemini fund and the other funds that STEIN controlled.

9. The defendant EDWARD T. STEIN typically sent

4

quarterly statements to Gemini investors that made it appear as if Gemini had significant assets when, in fact, it did not. STEIN mailed many of these statements to Gemini investors from Roslyn, New York.

10. As of December 31, 2008, the defendant EDWARD T. STEIN, through false documents and other misstatements, led approximately 70 investors to believe that their investments in Gemini were worth collectively more than $29 million. In reality, Gemini had approximately $21,000 in total assets at that time.

B. The Prima Scheme

11. In or about and between January 1998 and April 2009, both dates being approximate and inclusive, the defendant EDWARD T. STEIN devised, implemented, supervised and executed a scheme to fraudulently induce investors to purchase Prima shares. STEIN solicited individuals to invest in Prima by advising them that Prima was making loans to Detour Media that were secured by Detour Media's accounts receivable. STEIN promised investors a fixed monthly rate of return on their investments.

12. The defendant EDWARD T. STEIN used more than one million dollars provided by the Prima investors to make loans to and investments in Detour Media. Contrary to his representations to investors, he made these loans and investments in his own name, and the loans were not secured by Detour Media's accounts

receivable. STEIN lost a significant portion of the money from Prima investors that he invested in Detour Media when the company filed for bankruptcy in or about 2003.

13. After Detour Media filed for bankruptcy, the defendant EDWARD T. STEIN solicited individuals to invest in Prima by misrepresenting that Prima made loans to companies that were secured by the borrowers' accounts receivable. STEIN also continued to promise Prima investors a fixed rate of return on their investments. Contrary to his statements to the Prima investors, STEIN did not use any of the money invested in Prima to make loans on Prima's behalf secured by accounts receivable. STEIN instead transferred all of the Prima investments to companies that he controlled, including ETSA and Vibrant. STEIN used a substantial portion of this money to pay monthly interest payments to those Prima investors who requested that their monthly interest payments be paid to them in cash. STEIN fraudulently convinced other investors to reinvest their interest payments in Prima. STEIN also used a substantial portion of the Prima money that he had transferred to companies that he controlled to pay redemptions to other investors in the Prima fund and the other funds that STEIN controlled, without the knowledge, authorization or consent of these investors.

14. As of December 31, 2008, the defendant EDWARD T. STEIN, through false documents and other misstatements, led

approximately 20 investors to believe that their investments in Prima were worth collectively more than $4 million. In reality, Prima had less than $1 in total assets at that time.

C.  The DISP Scheme

15.  In or about and between January 2002 and April 2009, the defendant EDWARD T. STEIN devised, implemented, supervised and executed a scheme to fraudulently induce investors to invest in DISP.  STEIN typically solicited individuals to invest in DISP by advising them that DISP would own a basket of life settlement policies, under which DISP would receive the death benefit of a life insurance policy upon the death of the owner of the policy.  STEIN used some of the money provided by DISP investors to purchase life settlement policies, but, in or about 2007, transferred ownership of all remaining life settlement policies purchased with DISP capital to Vibrant for no consideration.  In some cases, STEIN borrowed money from other investors secured by the policies that he had transferred to Vibrant.  STEIN used some of the same policies as security for multiple loans without the knowledge, consent or authorization of the investors who held security interests in these policies. STEIN also used a substantial portion of the money provided by the DISP investors, without their knowledge, authorization or consent, to pay redemptions to Gemini, Prima and other DISP investors.

16.  Starting in 2007, DISP did not have an ownership interest in any life settlement policies.  The defendant EDWARD T. STEIN continued to fraudulently solicit individuals to invest in DISP thereafter by falsely telling them that DISP owned and invested in life settlement policies.

17.  The defendant EDWARD T. STEIN also caused false and fraudulent tax documents to be distributed to DISP investors.  STEIN fabricated account statements that he gave to an accountant for the purpose of preparing Internal Revenue Service Schedule K-1 forms, relating to partnership income, deductions and credits, that were sent to DISP investors.  Among other things, the Schedule K-1 forms falsely reflected that DISP had significant capital assets, when in fact, DISP had no capital assets.

D.   The Counsel Scheme

18.  In or about and between January 2006 and April 2009, the defendant EDWARD T. STEIN devised, implemented, supervised and executed a scheme to fraudulently induce investors to invest in Counsel Financial Services LLC ("Counsel"), a company that raised money to loan to law firms to finance litigation.  STEIN caused investors to send millions of dollars to him and to companies that he controlled based on STEIN's fraudulent representations that he would invest this money in Counsel.  STEIN did not invest most of the money provided to him by these investors in Counsel.  STEIN instead used millions of

dollars of this money, without the knowledge, authorization or consent of the Counsel investors, to pay redemptions to Gemini, Prima and DISP investors.

E. The Annuity Scheme

19. In or about and between January 2008 and April 2009, the defendant EDWARD T. STEIN devised, implemented, supervised and executed a scheme to fraudulently induce one investor ("Investor 1") to provide him with $3 million to invest in annuities. Whereas STEIN fraudulently told Investor 1 on multiple occasions that he invested this money in annuities on behalf of Investor 1, STEIN instead used this money, without the knowledge, authorization or consent of Investor 1, to pay redemptions to Gemini, Prima and DISP investors and to purchase an apartment for himself in New York, New York. Subsequent to receiving the funds from Investor 1 for the annuities investment, STEIN diverted substantial additional funds made available to him by Investor 1 to pay redemptions to Gemini, Prima and DISP investors without the knowledge, authorization or consent of Investor 1.

COUNT ONE
(Securities Fraud)

20. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in this paragraph.

21. In or about and between January 1998 and April

2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD T. STEIN did knowingly and willfully use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Gemini Fund I, L.P. in connection with the purchases and sales of investments in Gemini Fund I, L.P., directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWO
(Securities Fraud)

22. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in this paragraph.

23. In or about and between January 1998 and April

2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD T. STEIN did knowingly and willfully use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Prima Capital Management Corp., also known as "Amerifund," in connection with the purchases and sales of investments in Prima Capital Management Corp., directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the mails. and by use of the instrumentalities of interstate commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Securities Fraud)

24. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in

this paragraph.

25. In or about and between January 2002 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD T. STEIN did knowingly and willfully use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in DISP, LLC in connection with the purchases and sales of investments in DISP, LLC, directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Securities Fraud)

26. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in

12

this paragraph.

27. In or about and between January 2006 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD T. STEIN did knowingly and willfully use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Counsel Financial Services LLC in connection with the purchases and sales of investments in Counsel Financial Services LLC, directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the mails.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Sections 2 and 3551 *et seq.*)

## COUNT FIVE
## (Wire Fraud)

28. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in this paragraph.

29. In or about and between January 2008 and April 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDWARD T. STEIN knowingly and intentionally devised a scheme and artifice to defraud Investor 1, and to obtain money and property from Investor 1 by means of materially false and fraudulent pretenses, representations and promises.

30. For the purpose of executing the scheme and artifice, the defendant EDWARD T. STEIN transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, signals, specifically, a wire transfer in the amount of $1 million sent on or about May 6, 2008 from Investor 1's bank account to a bank account controlled by the defendant.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

33. The United States hereby gives notice to the defendant charged in this Information that, upon his conviction of any of the offenses charged herein, the government will seek

14

forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offenses to forfeit any property which constitutes or is derived from proceeds traceable to a violation of any such offenses.

        34.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

15

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))


---

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2009R00600
FORM DBD-34
JUN. 85

No. 09-0377 (JBW)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

EDWARD T. STEIN,

Defendant.

# INFORMATION

(T. 15, U.S.C., §§ 78j, (b) and 78ff; T. 18, U.S.C., §§ 1343, 981 (a) (1) (C), and 3551 et seq.; T. 21, U.S.C., § 853 (p); T. 28, U.S.C., § 2461 (c))

*A true bill.*

_____
*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 19* _____

_____
*Clerk*

*Bail, $* _____

*AUSA SCOTT KLUGMAN (718) 254-6461*