UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES,

        Plaintiff,

  -against-                                   MEMORANDUM AND ORDER

                                               09-CR-377 (RPK)

EDWARD STEIN,

        Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Defendant Edward Stein requests early termination of the term of supervised released imposed as part of his sentence for fraud offenses. I find that defendant has not established a sufficiently compelling basis for termination. Accordingly, defendant's motion is DENIED.

## BACKGROUND

    In 2009, Edward Stein was charged with four counts of securities fraud and one count of wire fraud. The charges were brought in connection with Stein's operation of sham investment schemes which defrauded his victims out of more than $46 million in savings. Stein pleaded guilty to all five counts in the information and was sentenced to nine years of imprisonment to be followed by five years of supervised release. He was also ordered to pay about $46.4 million in restitution, a $20,000 fine, and a $500 special assessment. As of April 29, 2020, Stein had paid just under $14,000 of the restitution owed.

    Stein began his term of supervised release on January 10, 2018. Just over two years into that term, he filed a letter motion requesting that his sentence of supervised release be reduced from 60 months "to 24 months and deemed completed." *See* Motion for Early Termination of Probation/Supervised Release by Edward T. Stein ("Mot. for Early Termination") (Dkt. #71).

Stein argues that this reduction is warranted because he has "paid [his] restitution timely," has "had no administrative violations," and has otherwise fully complied with the terms of his supervised release. *Ibid.*

I ordered the government and the Probation Office to respond to Stein's motion. The Probation Office for the Southern District of New York, the jurisdiction in which the defendant resides, filed a memorandum recommending that the motion be granted. The Probation Office relied in part on the defendant's compliance with the terms of his supervision. It also concluded that, based on applicable statistics, he is unlikely to recidivate. *See* Memorandum Re: Edward Stein 1-2 (Dkt. #74). The government, however, vigorously opposed the motion, arguing that continued supervision is warranted due to the seriousness of the defendant's offense, to promote general deterrence, and to ensure continued compliance with restitution obligations. *See* Response in Opposition to Motion for Early Termination of Probation/Supervised Release 4 (Dkt. #75). The government further argued that Stein has not shown such exceptionally good behavior as to justify an early termination of his supervised release. *Id.* at 4-5. The government submitted letters from five of Stein's victims who also opposed the early termination of supervision. *See* Letter as to Edward Stein (Dkt. #76-1).

## **DISCUSSION**

A district court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court may only do so after considering a subset of the factors listed in 18 U.S.C. § 3553(a) which are to be considered when imposing a sentence in the first instance. *Ibid.*; *see id.* § 3553(a).

Courts do not order early termination of supervised release "as a matter of course." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (2015) (quoting *United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)) (internal quotation marks omitted). Rather, such relief may "[o]ccasionally" be justified by "new or unforeseen circumstances," such as when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Exceptionally good behavior is not established by mere compliance with the terms of supervised release, which "is what is expected . . . and does not warrant early termination." *Bastien*, 111 F. Supp. 3d at 321 (quoting *Fenza*, 2013 WL 3990914, at *2); *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)). Accordingly, courts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision. *See, e.g.*, *United States v. Lewis*, No. 13-CR-487 (CBA), 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020); *United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); *United States v. Rasco*, No. 88-CR-817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); *Medina*, 17 F. Supp. 2d at 247.

Stein argues that his term of supervised release should be terminated on the grounds that he has complied with the terms of his supervision. He notes that he has timely made his restitution payments, has had no administrative violations or problems with the Probation Office, has complied with travel notice requirements, and has remained employed. *See* Mot. for Early Termination. While that compliance is commendable, it does not in itself justify terminating

3

supervision because it does not amount to such "exceptionally good behavior" as to render the conditions of his supervised release "too harsh" or "inappropriately tailored to . . . the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Nor does such compliance indicate that any "new or unforeseen circumstances" have emerged that would justify terminating defendant's supervision. *Ibid.*

Moreover, the factors set forth in Section 3553(a) do not favor reducing Stein's term of supervised release. While I have considered all of the statutory factors, three in particular guide my disposition of this motion. First, terminating the defendant's probation would undermine deterrence. *See* 18 U.S.C. §§ 3553(a)(2)(B), 3583(e). While the Probation Office concluded that Stein appears unlikely to recidivate, Judge Weinstein's animating concern in setting the defendant's sentence was general—not specific—deterrence. *See* Sentencing Tr. 47:3-24 (Dkt. #60). Retroactively lightening the defendant's sentence simply because he has complied with his legal obligations would undermine that goal. Second, Stein already received a sentence substantially below the range recommended under the Sentencing Guidelines. *See* Sentencing Tr. 25:23-26:3; 41:5-13; 46:24-47:24. Lightening the sentence still further would risk creating or heightening sentencing disparities with other defendants who have committed similar crimes. *See* 18 U.S.C. §§ 3553(a)(4), (a)(6), 3583(e). Third, continued supervision will help ensure that Stein continues to pay restitution. *See* 18 U.S.C. §§ 3553(a)(7), 3583(e). While Stein assures the Court that he will continue to honor his restitution obligations, his payments thus far are negligible in relation to the enormous sum he owes his victims. Continued supervision will help ensure that he continues to make restitution payments in a timely manner. *See, e.g.*, *Whittingham v. United States*, No. 14-CV-7738 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. Feb. 15, 2017); *Bastien*, 111 F. Supp. 3d at 322; *United States v. Lai*, 458 F. Supp. 2d 177, 177 (S.D.N.Y. 2006).

**CONCLUSION**

The Court is encouraged by the defendant's compliance with the terms of his supervised release and his apparent efforts to lead a productive and law-abiding life. However, that does not in itself warrant a reduction in the defendant's term of supervised release. The statutory factors that must guide any decision to modify a term of supervised release do not favor early termination in this case. Accordingly, the motion for early termination of supervised release is DENIED.

SO ORDERED.

> */s/* Rachel Kovner
> RACHEL P. KOVNER
> United States District Judge

Dated: Brooklyn, New York
       July 19, 2020